UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 20-cr-20197

UNITED STATES OF AMERICA,

v.

JOCKSA JOSE VINDEL-PORRAS,

Defendant.

_____/

## FACTUAL PROFFER

Defendant, Jocksa Jose Vindel-Porras ("Defendant"), his counsel, and the United States of America agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

On or about May 24, 2020, while on routine patrol, a United States Marine Patrol Aircraft (MPA) detected a Go-Fast Vessel (GFV) approximately 149 nautical miles south of Costa Rica/Panama border in international waters. United States Coast Guard Cutter (USCGC) James (JAM) received authorization to board the GFV based on the fact the GFV was reasonably suspected of being without nationality, displayed no indicia of nationality, and had a large amount of fuel and packages on deck.

A helicopter was deployed and the crew onboard the GFV was observed jettisoning packages. USCG James personnel requested authorization to board the GFV and a full boarding was authorized. The boarding team observed packages onboard the GFV in plain view and was able to recover several jettisoned packages close by to the GFV. The USCG boarding team found three individuals on the GFV, including the Defendant and his two co-defendants. A check of the GFV yielded no physical flag flown, no registration documents, no registration number painted on

the hull, no homeport painted on the hull, no name on the hull, no other markings painted on the hull, no claimed master, and no claim of nationality for the vessel. Based on the investigation to that point, the USCG was authorized to treat the GFV as a vessel without nationality. The vessel was, in fact, a vessel without nationality.

The GFV boarding team recovered 4 bales of contraband on board the GFV, an additional 21 bales in the water that had been jettisoned, and an additional 17 individually wrapped kilograms in the water that had been jettisoned. A sample portion of those items tested positive for cocaine, and the bales/kilos as a whole weighed approximately 907 kilograms. In all, the Defendant and his co-defendants were transporting at least 907 kilograms of cocaine. The USCF subsequently detained all three individuals who were on board the GFV.

The Defendant had conspired with the other individuals on the boat to possess more than five kilograms of cocaine while on board a vessel without nationality in international waters, subject to the jurisdiction of the United States. He was to be paid for his work in transporting the cocaine on the boat, and delivering that cocaine to its planned recipients.

*[Intentionally Blank]*

The Parties agree that the above facts, which do not include all the facts known to the Government and the Defendant, are sufficient to prove the guilt of the Defendant in the above-referenced matter.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 12/2/2020      By: _____
FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY


Date: 11/9/2020      By: _____
RUBEN GARCIA, ESQ.
COUNSEL FOR DEFENDANT


Date: 11-2-2020      By: x Jocksan Jose V P
JOCKSA JOSE VINDEL-PORRAS
DEFENDANT

3